j .KLINE, J.
This is an appeal of a judgment of the workers’ compensation judge (‘WCJ”) finding that the claimant, Tammy Brister, failed to prove the occurrence of a work-related accident, and dismissing her claim against her employer, Pizza Inn. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
Tammy Brister was employed by Pizza Inn as a cook for eight months. On or about March 21, 2001, Ms. Brister alleged *2 that she injured herself when she lifted approximately twenty-five pounds of pizza dough from a mixing bowl. On June 21, 2001, Ms. Brister filed a disputed claim for workers’ compensation benefits with the Office of Workers’ Compensation. She attached a statement in which she contended the following:
I’d been doing pizza dough every work day for 8 months straight. On March 21, 2001, I was lifting 25 3/4 pounds of pizza dough from a mixing bowl which is about 3-4 inches from the floor. I was removing it from the bowl to place it on the dough table. I started hurting in my stomach area. I’d been telling my supervisor for 2-3 week before that day that I was having a lot of problems with my back. On March 22, 2001 I went back to work only to find that I was in too much pain to continue working. I had a lump on my left side over my ribs. I showed the lump to Rachel Phillips, Asst. Manager, Carol Cotton and Shannon Jenkins both waitresses at Pizza Inn. Then I got permission from Rachel Phillips, Asst Manager to leave and seek medical treatment.
A hearing was held on June 6, 2002. On June 19, 2002, the WCJ rendered the following judgment:
Upon consideration of the evidence accepted, as well as the testimony heard, the Court finds the plaintiff failed in proving the occurrence of a 23:1201(1) accident, thus;
IT IS ORDERED, ADJUDGED AND DECREED that the claim brought by Tammy Brister against Pizza Inn is herein dismissed with prejudice, each party responsible for their cost. Reasons orally assigned June 19, 2002.
Ms. Brister appeals and asserts the following assignment of error:
Appellant contends that the administrative law judge applied an incorrect legal standard in ruling that there claimant had not sustained a work-related “accident” pursuant to the Workers’ Compensation Act.
| o,LAW AND DISCUSSION
The standard for reviewing workers’ compensation cases was summarized by the Louisiana Supreme Court in Seal v. Gaylord Container Corp., 97-0688, pp. 4-5 (La.12/02/97), 704 So.2d 1161, 1164, as follows:
Factual findings in workers’ compensation cases are subject to the manifest error or clearly wrong standard of appellate review. In applying the manifest error-clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one. Where there are two permissible views of the evidence, a fact-finder’s choice between them can never be manifestly erroneous or clearly wrong. “Thus, ‘if the [factfinder’s] findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.” ’ (Citations omitted.)
Ms. Brister asserts that the WCJ erred in applying the incorrect legal standard in determining whether or not Ms. Brister sustained injury from a work-related accident. As a result, Ms. Brister contends that this court should review the instant case de novo.
The WCJ, in its written reasons for judgment, stated the following:
This case came on for trial June 6th, 2002, pursuant to a claim initially filed pro se by the employee, Tammy J. Bris-ter, on June 21st, 2001. She alleges a *3 work-related accident while employed with Pizza Inn in Franklinton, Louisiana occurring March 21st, 2001. She complained in her Form 1008 of injuries to her rib muscles, stomach, and back. She listed Shannon Jenkins, a coworker, as a witness who was called to testify. Jenkins related that Brister was a good worker who complained of pain in her back and ribs but could not confirm a date of hearing of these complaints nor could she testify with any degree of specificity regarding the occurrence of an accident.
Brister testified she prepared dough which required lifting a 18 to 25 pounds of powder and added water making the container of mixed dough considerably more heavy. She further testified she injured herself while manipulating the container of mixed dough; and over a period of time throughout the day, the pain became unbearable forcing her to leave work at the end of her shift in pain. She returned to work the next day March 22nd; but after an hour and a half in her shift, she went home due to pain.
Brister testified she reported an accident to her employer; and on March 24th, 2001, sought emergency room care at Charity Hospital in Bogalusa with complaints of pain under her left breast and back. According to these records identified as Plaintiffs 1 and 2, Brister did not report a lifting or work-related accident. She again sought emergency room care on March 27th and again with no history taken with respect to injury. Subsequent visits to St. Tammany Hospital in Covington on June 29th and July 10th through progress notes reveal a history of lower rib pain as a result |4of lifting a dough pan on March 21st, 2001, at her place of employment.
Revised Statute 23:1021(1) defines accident as an unexpected and unforeseen actual identifiable precipitous event happening suddenly or violently and directly producing at the time objective findings of an injury which is more than a gradual deterioration. Brister must prove and establish a work-related accident by a preponderance of evidence. Her testimony alone may be sufficient provided no other evidence discredits or casts serious doubt and provided her testimony is corroborated by circumstances following the alleged accident. Such corroboration may be testimony of other workers or medical evidence.
In. this case, Pizza Inn manager Larry Kinard testified there was no indication of a work-related accident. Brister did not report an accident to. him nor did she complain of pain. The assistant manager, Rachel Phillips, testified she let Brister go home March 22nd due to fatigue but that there was no mention of a work-related accident. Both Kinard and Phillips testified that Brister usually worked well and performed her duties and they would have readily prepared the required paperwork indicating a work-injury claim had same been suggested or reported.
Karen Young, the claims adjuster, testified Brister called in on the hot line March 29th, 2001, and reported a lump on her side; but there was no report of an accident. Young further testified she investigated the claim and found where Brister had medical complaints prior to March 21st, 2001, similar to the ones complained of herein. She further testified that during the course of her investigation, Brister’s story with respect to a definable accident and date vacillated.
One of her primary physicians, Dr. Alvarado, testified he has treated Bris-ter for various symptoms since May of 1999. It wasn’t until April 9th, 2001, did he treat her after the alleged March 21st incident. At that time her main concern was left rib pain she suffered while lifting dough on March 21st. On *4 May 19th, Dr. Alvarado released her to work with a 10-pound lift restriction. Her next visit with this doctor was June 7th when Dr. Alvarado released her with no restriction.
He further testified the back pain had no relation to her alleged work accident especially since she had complained of back pain at the Charity Hospital Emergency Room on March 27th and that at that time the back pain, according to the history, started three weeks prior to the emergency room visit. Thereafter, Bris-ter was treated by Dr. Yousuf who testified overall finding no objective symptoms related to a March 21st accident. All in all, Brister has failed in corroborating her allegations of a work-related accident thus falling short of her requisite burden of proof in establishing the occurrence of an accident. Consequently, her claim is dismissed with prejudice, each party responsible for their own costs. The Court will prepare its own judgment.
The main issue before the court is whether Ms. Brister suffered an “accident” as defined under the Louisiana Workers’ Compensation Act. In order to be compensable under the workers’ compensation laws, an injury must have resulted from an “accident arising out of and in the course of [an employee’s] | ¡^employment.” La. R.S. 23:1081(A). An accident is defined by Louisiana Revised Statute 23:1021(1):
an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.
The WCJ, as stated in its written reasons for judgment, applied the proper standard in determining whether or not Ms. Brister sustained a work-related accident. As a result, the WCJ’s factual finding as to whether Ms. Brister sustained a work-related accident is subject to the manifest error or clearly wrong standard of appellate review. The factual finding of the WCJ on whether an accident occurred or not is entitled to great weight on appellate review. Bruno v. Harbert International Inc., 593 So.2d 357, 364 (La.1992).
After a thorough review of the record, we find no manifest error in the WCJ’s factual finding that Ms. Brister did not sustain a work-related accident. We adopt the WCJ’s reasons for judgment and conclude that the WCJ’s finding is a permissible view of the evidence.
CONCLUSION
For the above reasons, the judgment of the WCJ is affirmed. Costs of this appeal are assessed to Ms. Brister.
AFFIRMED.